He's 19-1 9 5 9 Melissa Buck at all versus Robert Gordon at all or argument 15 minutes per side Miss Ostrager for the appellant Good morning Good morning, Your Honors. My name is Anna Elizabeth Ostrager and I represent appellants Christie and Dana Dumont and their appeal from the denial of their motion to intervene and I would like to reserve Five minutes for rebuttal The district court erred in denying The Dumont's motion to intervene for four reasons as I hope to show in greater detail The denial of the motion to intervene should be reversed Because the district court didn't analyze the four factors required for intervention as a matter of right Didn't consider at all the Dumont's constitutional interests disregarded their contractual interests in protecting their settlement agreement in the related Dumont litigation and applied the wrong standard in considering whether it should grant permissive intervention in Some the motion to intervene should be granted because the Dumont's Satisfy all the requirements for intervention as of right and the district court abused its discretion in denying permissive intervention with respect to intervention as of right it's undisputed that their motion was timely and In this action because both their constitutional rights and the settlement agreement in the Dumont case are at stake They showed that absent intervention Impairment of their rights is possible, which is all that is required under this courts jurisprudence Because the state it has not and will not make the constitutional arguments that the Dumont's press Their interests are also impaired because the district court entered a preliminary injunction without considering the Dumont's arguments without Your rights are impaired if the if the party that you're aligned with let's say is not making the exact legal arguments that you want to make Even though you're both asking for the same ultimate judgment It's I think it's clear from this court's precedent in Grutter and in Jansen that having the same Ultimate objective is not enough if that were the case then there would never be Intervention because you're always intervening on the same side of the V as a party here There are very different interests at play for the Dumont's and the state the state has an interest You could have an interest or be asserting a certain, right? But I'm talking about I mean you're you're cutting it thin to two different to I have an interest in a legal theory as opposed to a Substantive right it seems to me. I mean, what's the I mean the state's arguing the case one way You want it argued a different way? How does that give you an intervention of right? I still don't see it It's more than that. We want to argue the case a different way than the state It's it's analogous to the situation in Grutter where the Dumont's have articulated specific relevant defenses that the state hasn't presented and the district court actually recognized that in the language it used in its Decision saying that later developments in the case could create a basis for I'm sorry the way I'm hearing Judge Nalbandian's question is What is the actual right that lets you intervene not the fourth prong? Which is are your interests being adequately represented? So The Dumont's interests here are in The Dumont's interests here are the exact opposite of what st. Vincent's interests are there they st. Vincent's has an interest in a right to obtain state funding to provide public child welfare services and employ religious eligibility criteria to exclude otherwise qualified same-sex couples Which is precisely what was challenged by the Dumont's in the earlier Dumont litigation and in that case judge Borman issued a lengthy 93 page opinion Explaining that the Dumont's stated claims under the Establishment Clause and the Equal Protection Clause Based on the state's then policy of allowing st. Vincent's and other agencies to discriminate using state contracts and taxpayer funds And they recognized that the Dumont's had personally faced unequal treatment by st. Vincent's and say we want to adopt a child from you and they and st. Vincent's said no they did they went to st. Vincent's twice the first time they went to st. Vincent's the agency specifically said we do not work with same-sex couples and the second time they called st. Vincent's they just never received no one answered the phone and they never received a call back They have not since then pursued To foster or adopt a child through st. Vincent's because st. Vincent's has made it very abundantly clear that it will not work with them, but they have They have become Licensed foster parents and currently have two children placed with them by another agency So notwithstanding the fact that st. Vincent's has repeatedly questioned the sincerity of the Dumont's interest in accessing the foster care system and adopting a child They actually do have two children who've been placed with them right now But sitting here today, they still want to work with st. Vincent's so the goal of the of these two children that are with the Dumont's right now is family reunification So this is a temporary understood to be a temporary foster care Placement and the Dumont's thereafter would seek to access Michigan's child welfare system again and in doing that they would want to be able to evaluate the full array of options including st. Vincent's that would be available to them, but for the fact that currently It means that they would want to have the opportunity Right, so why What is what is special about this particular? company st. Vincent's in in this case and in the Dumont case has Articulated a number of reasons why they are special in fact when st. Vincent's was seeking intervention in the Dumont case and seeking intervention on behalf of three St. Vincent's is they argued that they have you know more programming that they have These extremely skilled caseworkers that they work around the clock. They they gave numerous examples of why they are special but Above that it wouldn't be an answer to say that in the future The Dumont's could be relicensed or could get additional foster children through another agency because that would not take away the constitutional harm of having an of having unequal access to The state foster and adoption care system. I mean it has never been an answer in This jurisprudence to say well you can go to another school or you can go to another restaurant And that would be the very same situation presented here when the Dumont's seek again to access the foster and adoption care system And on top of that all this goes to their standing and the merits of their claims But that is more which I think they have but that is more than what is required for purposes of intervention Which is just a substantial legal interest which has been very broadly construed by this court in Miller Jansen Grutter and other cases they have that because their claims are the mirror image of the claims Presented by st. Vincent in this case and the state is not making that is not advancing their interests The state has other Divergent interests the state has policymaking interests the state has structural constraints on how it is going to Litigate this case that cause it to be an inadequate representative of the Dumont's so That's why in Grutter That you know the interveners were allowed to to intervene Developments in this case Did you return to the district court and asked? The judge the judge seemed open to re-evaluating We did ask the district court for reconsideration following its denial of the intervention motion which was denied Summarily the day after we made that motion we did not we have not thereafter Gone back to the district court to say because of the appeal because of the PI decision Or any other subsequent developments we should he should reconsider His decision because we had this appeal pending But I think actually that standard that the district court applied is not the right one and the fact that the district court at the time of rendering its decision recognized that subsequent about Developments could cause this exact divergence of interest that is in fact played out means that there that intervention was always warranted because that Recognition that interests may diverge is what the case law calls for in in Identify Intervention as opposed to intervention is rough as a bright. You're right your honor under permissive intervention the standard would be whether Go ahead whether we've identified a common question of law or fact or whether We would introduce prejudice and delay. There's no question that there's a common question of law or fact because the Dumont's That we would introduce Prejudice or delay we intervened or sought to intervene at the earliest possible moment and have abided by every deadline Never sought an extension if we were to rule in your favor as to permissive intervention Should we were a man to allow the district judge to consider the prejudice of it? Because he did not do that here. Is that something he should do or could we do it? I think this case is like League of Women Voters where even though this court said the district court didn't really do what it was required to and didn't really set out a Fulsome analysis and give the court what it's what is required to make a decision It then went on to reverse Because it was clear from the record that that was appropriate and that all the relevant standards were satisfied And I think that that is the case here where but actually this Standards for intervention of right and permissive intervention have both been satisfied And you know as to permissive intervention, even though it's clear that there is a zone of discretion I don't I think this falls outside of that zone the entire justification for denying permissive intervention was that it was possible to Imagine a basis for that for permissive intervention in the future But that the Dumont's in the state were then aligned in all material respects Which is not the test under rule 24 B It was not the case then and is certainly not the case now League of Women Voters versus Johnson There's a penny I wrote and I said that the well We held that the district court abused its discretion in failing to grant the motion for permissive intervention. So you rely on that Opinion. Yes. How do they how do they defend against it? I don't remember How do they how do they are what do they argue against it? What does the other side argue against granting it? No, the Apple the application of League of Women Voters, how do they distinguish it? Oh, if you would allow me to check that and answer in rebuttal, I would I'll ask them. Okay But I think that's good authority for you. That's all we think so to your honor Okay Oh Anything did you reserve rebuttal? I did reserve five minutes your honor You'll have your five minutes rebuttal any further questions at this time judge white Okay. Thank you Good morning Good morning, your honors and may it please the court My name is Nick Reeves and I represent plaintiff st. Vincent Catholic cherry keep your voice up, please I'm sorry. Can you keep your voice up, please? Certainly Your honors were this court to grant intervention in this case It would significantly expand the ability of ideologically interested but not practically affected Individuals to intervene in cases across this circuit the Dumont's have not carried their burden of showing either that they satisfy all four requirements for Discretion in denying permissive intervention. What was the What was it that precipitated your action That precipitated the litigation this particular litigation Yes, the state of Michigan changed its policies when there was a new Attorney General elected She had actually campaigned on some of these issues and after the election instituted a new policy that changed the state's approach to Contracting with faith-based agencies and said if you want to act consistent with your religious beliefs We're going to close you down and that was in a notice that was sent or what? That was a change of policy in a notice that was sent to all Foster care agencies across the state and what was the timing of that in relation to the settlement agreement? The timing was similar. I believe they are both within two or three months after the January 2018 election was completed But I would say the settlement agreement was was the memorialization and the dismissal of the pending litigation The state's policy the state has argued consistently that this has been its approach. It's not discrimination, but you have an agreement and it says that The state is going to follow this procedure that you have advocated for Unless we're ordered otherwise and Then the next thing that happens is somebody comes to court arguing against the very terms of your agreement and Why wouldn't you have an interest in that if the agreement permits an escape hatch That is being litigated Four points on that your honor first as a factual matter Judge Yonker found that the settlement was beside the point that this litigation is not challenging the terms of the contract It's not challenging whether the Dumont's can foster or adopt Instead they're challenging the state of Michigan's actions and their policy which directly affects st Vincent second as this court made clear in Blunt Hill and in other cases The ripple on effects of one litigation Don't give any party who could potentially have secondary effects an interest in intervening in the underlying lawsuit third The Dumont's interest or the proposed interest in the settlement is is far too broad the settlement itself makes every same-sex couple or unmarried couple a Beneficiary of the contract and says they have the same right to enforce it so that would mean that essentially anyone who's interested or potentially interested in fostering or adopting could similarly use that contract to intervene and This court has made clear that you can't contract around the intervention requirements This would essentially make the Dumont's private attorneys general as you've probably seen from the briefing, too They have sought to intervene in a completely unrelated case Brought in a different city 70 miles away against Catholic Charities of West Michigan They've never approached that agency or sought to adopt from them And I think that further confirms and as as they make clear in the reply brief at page 18 They say their interest in both cases is the same So I think they're what they really want is to intervene in order to defend the state's policy It's not because they themselves are practically and directly affected in any way This court's cases if you look at Grutter and then compare that to Granholm which distinguishes Grutter But what about their desire to use st. Vincent specifically if you look carefully at their briefing? They did call st. Vincent, right? They called st. Vincent back in 2016 But they have not made any of those allegations in this briefing or in this case What they presented to the district court was a motion that simply said that they have a desire like you mentioned earlier To foster and adopt and they'd prefer not to see discrimination within the foster care system. That's not a specific and Directly, what is this? What do they have? What's the evidence in this particular case? Just affidavits From them your honor. They have not they did not put anything Before the district court in attach. Oh, that's they were later filed They filed a reply that was rejected by judge Yonker So all that was before him was the language in their original motion, which is not at all specific and does not address there's no actual evidence that they Made the call made these calls or no, your honor. Nothing was Put in the record in this case. They only filed a motion itself And I think that goes to the practical interest that they've alleged. Excuse me. St. Vincent's was a party to the case That resulted in the settlement agreement, that's right, your honor, okay Yes, and I think that goes to another point. I'll address in a minute, but just to briefly touch on the practical Question of law or in common in both cases and I would point this course case and in in in this case and And Their argument is that the state State's defense to your lawsuit is based totally on the statute the anti-discrimination statute the state of Michigan But they raised offenses based upon the Constitution the First Amendment and the 14th Amendment that the state has not raised I Mean since well, first of all, don't don't they have? Questions of law in common between the two cases your honor. I would disagree no overlap at all There's no overlap in because they don't actually raise a common question of law or fact If you look at both the state don't they raise the first and 14th Amendment in the other case? They do raise those arguments, but I think as this court made clear in Bay Mills versus Snyder and in Kirsch versus Dean You can't assert arguments on behalf of another party to make you Well have your own you need to have your own claims or defenses that share with Standing they have to have an interest But obviously from the first case they have an interest. They've asked her to st. Vincent's for To be allowed to work with them they've been denied that and now st. Vincent's is trying to establish they don't have a And the state is not raising all the defenses that they should according to months that that would affect them Your honor a few points on that first the claims or defenses need to be With relation to the Dumont specifically all they're seeking to do is raise additional arguments that the state has not made in its own defense But those arguments are not Persuasive as the district court found in the preliminary injunction hearing after hearing from the Dumont's it denied Their relief and granted a preliminary injunction and similarly two panels of this court have both on the stay motion and then in dismissing The merits appeal have looked at this and said we think st Vincent has a likelihood of success on the merits and if you look at the cases where this court did find permissive intervention It specifically said we did this because there was a claim or defense that the other party had of their own The Dumont's have not asserted any claims in this case. No counterclaims. No cross claims and in their proposed answer They say we can't be held liable because we're private individuals and not the state. What about I don't know How broadly I suppose you would define claim? But what about their argument that there's they have a you they have the settlement agreement I mean, that's a unique thing to them, right? I mean, why is their Interest in kind of protecting this their rights under the settlement agreement Why is that not unique enough to them to to permit intervention under permissive intervention your honor? Yeah, well, I wouldn't say that is unique because the state is the other party to that and this is making the same Arguments on on the settlement agreement and they haven't brought a claim or a defense of their own related to The settlement agreement because I don't I don't think they would be but what would be the harm in just letting them participate I mean, is it just Adding another party. It would be undue delay prejudice something like that I mean if it turns out that the settlement agreement is You know isn't really that different. Is there is there a harm for letting them go forward your honor? I think the harm would be the burden going forwards in this litigation In the Dumont in the original litigation the Dumont versus Lyons litigation The the plaintiffs in that case that proposed interveners here propounded 23 multi-part interrogatories to st. Vincent 27 requests for production 9 more requests for production 45 requests for admission There was over 60,000 pages of discovery and in what was actually primarily a legal case They sought to complicate the issues bring a lot more before the court and delay Resolution of what both a panel of this court and judge Yonker found to be primarily a legal issue and I don't think it's It would be beneficial to the resolution of this to allow them to intervene and similarly judge Yonker permitted The proposed interveners oral argument time During the summary judgment. He considered their evidence I don't think there should be any requirement that a judge specifically refute all the arguments that it disagrees with when ruling in favor Of another party. So so I think there are some serious costs if they were permitted to intervene Isn't it kind of? Contradictory or odd that judge Yonker denied the motion to intervene without prejudice. I Don't think so your honor. I think if you look I mean prejudice usually occurs The longer it takes to allow the intervener to come into the case And that's one of the factors that it's not timely that too much has transpired But to say I'm gonna deny it without prejudice and you can renew it later. It doesn't make any sense to me I think judge Yonker was being very fair actually to the the Dumont's He was saying at this time looking at the briefs looking at the arguments that are being made I believe your interests are directly aligned with those of the state knowledges that they may not be But that's in the future and and because they may not be in the future I mean, that's the same thing that we had in League of Women Voters versus Johnson, isn't it? No congressman argued. Yes right now The Secretary of State is with us, but there's an election coming up and the candidate is advocating the other position on this so our Interests may be different down the road and that's not really what we hung our hat on and they're holding there But that that seems like the same situation We've got here that if it may be different then probably you probably ought to allow him to intervention here I would disagree your honor I think League of Women Voters is distinguishable because there the legislators were raising their own interests So at the outset they had raised a common question They were defending their own rights as legislators, which is not something the Dumont's are seeking to do here. They can't be held liable But even kind of more directly to your point You know simply trying to make slightly different arguments or something like that Doesn't show that their interests are not completely aligned and judge Yonker leaving the door the constitutional issues I think are important and for whatever reason the state hasn't raised those and if you're going to have a declaratory judgment here of rights without considering the constitutional issues Wow, I mean they're gonna be bound by it without having The case really flushed out and really fully considered Well, your honor a few points on that it like I mentioned before the Dumont's were given argument time They filed amicus briefs. They filed expert witness reports as well I don't think there's any reason why judge Yonker had to specifically address them in his opinion for for this court to conclude that he did consider the Establishment Clause arguments on the other side and And I think similarly as he found and as a panel of this court found St. Vincent's likely to succeed on its First Amendment free exercise claims Which by definition means that the Establishment Clause claims can't succeed there Could they even could they raise these constitutional claims? I mean they already did were they an issue in the set in the lawsuit that they settled They did raise those claims. They settled that lawsuit. They did your honor. So can they raise them again, or are they barred? I It's a private settlement. It probably doesn't raise issue or claim preclusion effects Was there a judgment that there was no judgment that ever came out of that case? There was just a voluntary dismissal. You're just a voluntary dismissal, right? But I think that goes so could they bring it again? Let's say you were to win Then could they just bring their own affirmative claims again? I think that goes to a very important point regarding permissive intervention They haven't sought to do that They could have theoretically filed cross claims or counterclaims asserting their own rights But all they've sought to do is raise additional arguments that they don't think they are actually party defendants They can't file cross. They could only get in the suit, right? I mean they filed a proposed answer and in the proposed answer they could have presumably filed a proposed counter counter claims along with that Right, but they you're faulting them for not having separate claims, but they can't raise them until they can intervene But they filed a proposed answer, which they can't also file until they intervene So I think the fact that it's proposed chose what they would argue and they haven't argued that they would assert Different or a stop because they have a proposed answer. I mean So assume they could probably amend their answer and add it. I mean if they were granted the right to intervene I Think that's that's right your honor. But I also think if you look at judge Yonkers permissive intervention decision I'm looking for judicial economy as well You know their their constitutional arguments may or may not have merit But it seems like it makes a lot more sense to have all the all these Issues in one case rather than to litigate them separately and piecemeal And I think that's what you would have them do we would have piecemeal litigation going on And I'm not sure that's in the interest of judicial economy. That's all I see my time has it I mean, I think that goes to permissive intervention that I think that's what permissive interventions about and You want to respond to that or not? Yes, your honor on permissive intervention I believe the standard is very deferential to judge Yonker First of all, it's still can be abusive discretion as a League of Women Voters shows That's that's certainly right your honor, but I think he did consider the right factors He his analysis on page 14 is pretty clear I think if you look at this court's decision in Liberté, did he consider prejudice? I don't think he did Did he he didn't consider prejudice because that was a secondary factor as this court has also Said in Kirsch versus Dean and others if you reject the argument on the first prong that the no common interest You don't need to specifically address the prejudice factor as well we were to rule in favor of the Dumont's permissive intervention Should we rule on the issue of prejudice or should we remand it to judge Yonker for him to rule on it? I think it would be correct to remand it to judge Yonker your honor That's what this court did in in previous cases like Liberté I believe it's more appropriate for him to be the first one to make any factual findings for him to resolve or is it all in our record That we could do the same thing I'm not sure if all of the like I mentioned before the discovery special expertise or any special knowledge That we would defer to his judgment on it, or I think you know docket control and docket management are specifically within his Expertise he's had the parties. He's heard argument from from both sides and from the interveners on that issue as well any further questions Are you have a summary or just briefly to conclude your honor two points? I would say if this court were to grant intervention to the Dumont's it would show that Essentially any interested or ideologically interested party would have the ability to Intervene in a case where they disagree with the result or the potential outcome without having shown a practical and direct Substantial legal interest to make them a true party to the case second. I would also just point this court to The Dumont's response to st. Vincent's motion to intervene in the Dumont versus Lyon case that was a docket number 21 there I believe their arguments are very contradictory to what they're arguing here And I think there is a clear way to distinguish between what was argued in that case and what was argued here in The original Dumont case st Vincent would have lost the right to ability the right to continue contracting with the state if the Dumont's were successful That is a direct substantial and tangible harm They would have suffered here the Dumont's are not able to allege a similar direct and substantial interest they've already been certified by another agency and certification is the the only barrier to You know adopting or fostering a child and they've already been certified So there's no reason they would need to go to st. Vincent. They can adopt or foster Are you talking about the magnitude of the loss because if you They They would only be able to go to certain agencies It's not a decision without consequence Well, your honor I would say, you know, if you look at coalition to defend affirmative action versus Michigan They've already been certified by an agency. So I think the certification question is no longer even even a live interest for them they've been certified and The record is pretty clear that they are able to adopt or foster any child in the Michigan foster care system And that's all that they've alleged So even going just to impairment that interest is not being impaired because they can do exactly what they've Sought to do by by showing they would like to adopt or foster in the Michigan foster care system It's almost a merits decision, isn't it? I don't think so. Your honor. I think this court has been clear that intervention sometimes does require Careful looking at the facts and sometimes, you know the facts to determine whether they can intervene You know are relevant more broadly as well Any further questions? All right. Thank you counsel. Thank you five minutes rebuttal So a few things Starting with the point that was just made That's it's it's not correct It's not correct that the Dumont's can adopt or foster any child in the Michigan foster care system I mean if that were correct, then st. Vincent's should drop its case They've said very clearly that they will not work with the Dumont's the Dumont's will need to be continually recertified That's an annual process which makes sense agencies have to continually reassess the fitness of prospective foster parents And it is not an answer to say that They have they are unharmed because some subset of state contracted agencies will work with them The Dumont's have a substantial legal interest in avoiding the unequal treatment that they will be subjected to if St. Vincent's prevails in this litigation that is not a generalized Grievance that doesn't make them look at any Can any same-sex couple or single person intervene in this lawsuit? I do think any same-sex couple wishing to access the state run foster and adoption care system Would have an interest in this case, but that's not this case This case involves two plaintiffs who who former plaintiffs now, you know at a different posture who actually have Foster care children in their homes who actually contacted st. Vincent's who are actually Accessing the system and Whose claim I mean judge white your your case your question at the beginning of my opponent's argument What precipitated this suit it is very clear and it is clear from the briefing that your honors have that what? Precipitated this suit was the Dumont litigation. It was filed right after the Dumont litigation was settled Allegations from the Dumont complaint are all and judge Borman's decision are all over this case They are throughout all the papers And it is just not right to say that the settlement agreement in that case is beside the point It is exactly the point of this litigation the enforceability of that settlement agreement Turns on the outcome of this litigation why I don't understand. Why is the state not adequately? Presenting that argument. I mean aren't they defending the settlement and and whatever non-discrimination Provisions they agreed would go into these agreements The state has not raised any of the Dumont's constitutional interests But more than the fact that you have these constitutional claims, why did you settle the other litigation? Why didn't you litigate them? We settled the litigation because at that time the state Represented that it was going to retain and enforce its non-discrimination Clauses in all of its contracts with state contracted agencies, but since that time it has not done that It is not sought to enforce a single non-discrimination Provision against any agency and now in this case, there's a PI that prevents them from doing so but that's not the case For example in the Catholic Charities case, which st. Vincent's Council referenced and they said that it's unrelated But it is highly related if an agency if there's a judgment in another case raising these same issues So the state is not defending the non-discrimination provision in this case They're not defending those agreements. Well, they haven't sought to enforce the agreements Have you sued them for breach of contract? We have we've we've sought to reopen the Case before judge Borman, but that doesn't mean that we don't have an ongoing interest in this litigation because the state's interests here are Relate to policy making flexibility potentially minimizing litigation It's more than just a divergence of defense defenses, which does also exist that no there is no party to this litigation raising the Dumont's constitutional arguments which are the mirror image of st. Vincent's constitutional agreement was enough to You you're saying that the constitutional claims are secondary as long as you got the settlement agreement, right? You agreed to stop litigating drop your constitutional claims in exchange for this settlement agreement that Where the state committed to enforcing these non-discrimination provisions in these agreements, right? I mean what you could have just litigated the constitutional claims at the time, right? We could have litigated the constitutional claims at the time I don't think that that means that the constitutional claims are secondary. We at the time it appeared I'm wise them in exchange for this agreement, right? We compromised them in exchange for the agreement only to the extent that at the time the state Contracted with the Dumont's to Conduct itself in a manner that would not violate the Dumont's constitutional rights and Now in order to protect their constitutional rights which are at stake in this litigation They have to have an opportunity to appear as parties The state is has dismissed its appeal of the preliminary injunction That's and that was entered in this case, which the Dumont's would not have done The district court didn't consider any of the Dumont's arguments or evidence the district courts order granting Plaintiff's preliminary injunction didn't consider the expert or lay testimony Potentially yes, I think as were they listed as counterclaims in the proposed answer There's there are no counterclaims in the proposed answer But there's no requirement in rule 24 or the case law that an intervener must plead counter or cross claims I think it's a defense to their Their claims. I don't know anyway In the Dumont litigation where st. Vincent's intervened and where we did not oppose their intervention They also did not plead any counter or cross claims. They pleaded defenses constitutional defenses that are the mirror image of the constitutional defenses that the Dumont's would have in this case, but why I'm sorry. Why if these claims are so important, why would you why are you litigating them here? Why don't you just file another complaint? Instead of going through this whole thing about intervention and whether you can get in or whether you can get out Why don't you just file another complaint and say we have these constitutional claims? Let's go forward with them. We want to maybe they get that case consolidated with the other one I don't know we could do that I don't think that serves the interests of judicial economy and I don't think that that is required and I don't think that's the test For whether we stand satisfied. I'm just curious why if it's so important why you just don't do that We could do that, but I don't think that that diminishes the Dumont's Right to be part of this litigation under rule 24. I you lose your You Lose the value of your settlement agreement, don't you we lose the value of our settlement agreement if st Vincent prevails in this litigation. Yes, and and it's this very injunction that That stops you from enforcing your settlement agreement Because by court order they were told not to do this. That's true with respect to st. Vincent's. There is no Similar preliminary injunction stopping the state from enforcing its agreements with the numerous other state contracted agencies that are also not abiding by their Obligations under their contracts. But yes with respect to this case. That's exactly right and You said the state dropped their appeal the preliminary injunction, why did they do that? They are now proceeding to seek to certify What they view as questions of state law to the Michigan Yeah, they seek a certification of the Michigan Supreme Court as to Their interpretation of the anti-discriminatory and a discrimination law that right whether okay But And just to revisit quickly judge Griffin one point that came up in my Opening argument where you said that the possibility of divergent interest was relevant to permissive intervention It is actually relevant to intervention as of right. It is one of the factors for intervention as of right I think it's harder for you to establish that it's as of right. It's more discretionary Permissive and I think judicial economy even though it's not listed in the in the in the court Rule is one of the one of the considerations. I mean when you're when you're exercising discretion, I think exercising discretion you can consider a lot of things and to require the Dumont's to file another Another lawsuit and then ask for it to be consolidated with this lawsuit and this and that it's it gets very cumbersome and very Waste of resources, that's all so Okay. Yes. I agree with that and there are already three lawsuits. Yeah going on The point you just you made right before this you were answering You made the point that something was related to intervention of right and I didn't hear what you were oh I was just correcting a statement from my opening argument where I answered judge Griffin's question about whether divergence of interests is part of the test for intervention as a matter of right or part of the discretionary permissive intervention analysis and it's the former but it is also the case that The denial of permissive intervention could implicate those interests because of all the reasons judge Griffin articulated and the judicial economy considerations and prejudice and the fact that there is unquestionably a common question of law here Any further questions? Thank you very much